# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | CHAPTER 13 |
| | : | |
| CYNTHIA YVONNE CHANDLER, | : | |
| | : | DOCKET NO.: 20-10418-ELF |
| DEBTOR | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE, | : | OBJECTION TO PLAN |
| | : | |
| MOVANT | : | HEARING DATE & TIME: |
| | : | APRIL 28, 2020, at 10:00 A.M. |
| v. | : | |
| | : | |
| CYNTHIA YVONNE CHANDLER, | : | |
| | : | RELATED TO DOCKET NO.: <u>10</u> |
| RESPONDENT | : | |

## PENNSYLVANIA DEPARTMENT OF REVENUE'S
## OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

NOW COMES, the Commonwealth of Pennsylvania, Department of Revenue ("Department"), by and through its Office of Chief Counsel, and Counsel Joseph J. Swartz, and objects to the confirmation of the above-captioned Debtor's Chapter 13 Plan ("Plan") filed on February 18, 2020, and docketed at number 10, as authorized by 11 U.S.C. § 1324(a), for the following reasons:

1. The Department objects to the confirmation of the Plan on the grounds that the Plan does not comply with the provisions of Chapter 13, and Title 11 in general, as required by 11 U.S.C. § 1325(a)(1), because it: (1) has not been proposed in good faith, as required by

11 U.S.C. § 1325(a)(3); and (2) does not provide for the full payment of all Department claims entitled to priority under 11 U.S.C. § 507, as required by 11 U.S.C. § 1322(a)(2).

2. Specifically, Debtor's Plan fails to provide for payment of the Department's Proof of Claim, as required by the Bankruptcy Code. The Department's Proof of Claim is broken down as follows: (1) an <u>Unsecured Priority Claim</u> in the amount of $4,912.08 for Pennsylvania Personal Income Tax (PIT) liabilities of Debtor for the 2018 tax year; and (2) an <u>Unsecured Nonpriority Claim</u> in the amount of $368.52 for PIT liabilities of Debtor for the 2018 tax year.

3. The Department also objects to the confirmation of Debtor's Plan on the grounds that the Debtor has not filed all appropriate prepetition tax returns for the four years preceding the filing of her bankruptcy petition, as required by 11 U.S.C. § 1308(a), thereby prohibiting the Department from fully determining its claim.

4. The Department's records show that the Debtor has not filed her PIT return for the 2016 tax year. The Plan should not be confirmed because of this delinquent tax return. In fact, 11 U.S.C. § 1308(a) requires Debtor to file said return prior to the first scheduled date for the meeting of creditors. However, as of the date of the filing of this Objection, said return had not been filed. Accordingly, Debtor's Plan cannot be confirmed. 11 U.S.C. § 1325(a)(9).

5. The Department's records also show that the Debtor has not filed her PIT returns for the 1996, 1997, and 2014 tax years. The Department needs the Debtor to file these past-due prepetition state tax returns as well, in order for the Department to fully and accurately calculate its claim.

6. By letter dated February 19, 2020, directed to the Debtor's counsel, the Department notified Debtor, and the Trustee, of the past-due prepetition state tax returns and requested that the delinquent tax return, for PIT for the 2016 tax year, be filed in accordance with 11 U.S.C. § 1308. Upon review, as of the date of this objection, said returns have not been filed. Debtor's Plan cannot be confirmed absent the filing of these returns or Debtor providing evidence or documentation, including a sworn affidavit, supporting why such returns need not be filed.

    a. The Department requests that, hereinafter, a copy of any and all past-due prepetition tax returns filed by Debtor, along with all corresponding documentation and schedules, be submitted to the undersigned counsel at the following address:

        Pennsylvania Department of Revenue
        Office of Chief Counsel
        P.O. Box 281061
        Harrisburg, PA 17128-1061
        Attn: Joseph J. Swartz, Esq.

7. Because of Debtor's unfiled tax returns, the Plan does not adequately provide for the payment of the Department's claim. The Department cannot file a complete, accurate, claim against the Debtor until the delinquent prepetition tax returns are filed and the

Department determines the amount of tax principal and prepetition statutory interest that is outstanding.

8. Debtor's Chapter 13 Plan does not adequately provide for the Department's claim. Specifically, the failure of Debtor's Plan to provide for the full payment of the Department's Proof of Claim, including its priority claims, violates 11 U.S.C. §§ 502(a) & 1325(a)(5).

9. The Department also objects to the confirmation of Debtor's Plan on the grounds that the Plan is underfunded.

10. For the foregoing reasons, Debtor's Chapter 13 plan does not comply with the applicable provisions of the Bankruptcy Code and cannot be confirmed. *See* 11 U.S.C. § 1325(a).

WHEREFORE, the Department respectfully requests that the confirmation of the Debtor's Chapter 13 Plan be DENIED unless and until (1) the Debtor files all delinquent tax returns, and the Department is allowed adequate time to review the filings and amend its Proof of Claim as necessary;  and (2) the Debtor submits an Amended Plan which provides for the full payment of the Department's claim(s) in the proper classification(s) and amount(s), including the payment of any tax due for the delinquent tax returns.

Respectfully submitted by,

DATE:  March 26, 2020          By:     */s/ Joseph J. Swartz*
                                       Joseph J. Swartz
                                       Counsel
                                       PA Department of Revenue
                                       Office of Chief Counsel
                                       P.O. Box 281061
                                       Harrisburg, PA 17128-1061
                                       PA Attorney I.D.:  309233
                                       Phone: (717) 346-4645
                                       Facsimile: (717) 772-1459
                                       Email: JoseSwartz@pa.gov